**Mehran Mosbriantanha v. PatchLink Corporation**

**Index of Exhibits to PatchLink Corporation's**

**Motion to Compel Production and Enforce Subpoenas**

Part 1:  Exhibit A - Subpoena and exhibit to Sean Moshir
Exhibit B - Subpoena and exhibit to Kourosh Moshir
Exhibit C - Plaintiff Mosbriantanha's Second Amended Complaint

Part 2:  Exhibit D - Plaintiff Shirmohammadi's Second Amended Complaint
Exhibit E - Sean Moshir's Objection to Subpoena Duces Tecum

Part 3:  Exhibits F - Sean Moshir's objection letter dated July 17, 2007
Exhibit G - Response to S. Moshir's objection dated August 8, 2007
Exhibit H - Response to K. Moshir's objection dated August 8, 2007
Exhibit I - Response to objection of subpoena dated August 8, 2007

Part 4:  Exhibit J - September 7, 2007, letter requesting compliance to subpoena and Declaration of B.J. Mills

Exhibit K - PatchLink's statement of compliance letters and Declaration of B.J. Mills dated September 7, 2007

Exhibit L - Declaration of Jason Struve dated

Part 5:  Exhibit M - Excerpts of videotaped deposition of Sean Moshir dated July 19, 2007

Exhibit N - Excerpt of videotaped deposition of Kevin Moshir dated July, 20, 2007

# EXHIBIT A

## Issued by the
# UNITED STATES DISTRICT COURT

### DISTRICT OF ARIZONA

Mehran Mosbriantanha,

V.

PatchLink Corporation, a Delaware
Corporation

_____

Farhad Shirmohammadi,

V.

PatchLink Corporation, a Delaware
Corporation

## SUBPOENA IN A CIVIL CASE

CASE NUMBER: [1] Case Pending in United States
District Court, District of Maryland
No. DKC2007-0211
(Consolidated with NO. DKC2007-0321)

# ORIGINAL

TO:    Sean Moshir
       20701 N. Scottsdale Rd., Suite #107
       Scottsdale, AZ 85255

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Greenberg Traurig, LLP, c/o John F. Lomax, Jr., Esq., 2375 East Camelback Rd., Suite 700, Phoenix, Arizona 85016 | July 19, 2007, at 8:30 a.m. |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

**SEE EXHIBIT A.**

| PLACE | DATE AND TIME |
|---|---|
| Greenberg Traurig, LLP, c/o John F. Lomax, Jr., Esq., 2375 East Camelback Rd., Suite 700, Phoenix, Arizona 85016 | July 13, 2007, at 9:00 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person signated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

_____

[1]    If action is pending in district other than district of issuance, state district under case number.

ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)

*John T. Lomax Jr.*      Attorney for Defendants      June 28, 2007

John T. Lomax, Jr., Esq., Greenberg Traurig, LLP, 2375 E. Camelback Rd., Suite 700, Phoenix, Arizona 85016
602-445-8000

.O 88 (Rev. 1/94) Subpoena in a Civil Case      (See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

## PROOF OF SERVICE

DATE *June 29, 2007*      PLACE *8600 E. Anderson, Scottsdale, AZ.*

SERVED *Sean Moshir, In Person*

SERVED ON (PRINT NAME)      MANNER OF SERVICE

*Jan R. Tefft, Court Officer, Badge #5196*

SERVED BY (PRINT NAME)      TITLE

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on *June 30, 2007*

DATE

*Jan R. Tefft*
SIGNATURE OF SERVER

*15424 N. 54th Place*
ADDRESS OF SERVER

*Scottsdale, AZ. 85254*

## Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that,

subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

**EXHIBIT A**

ATTACHMENT TO SUBPOENA

This subpoena is being issued at the request of John F. Lomax, Jr., Esq. (Arizona SBN 020224), Greenberg Traurig, LLP, 2375 E. Camelback Road, Suite 700, Phoenix, AZ 85016, 602-445-8000, attorney for Defendant PatchLink Corporation.

You are commanded to produce the following papers, electronically stored information, documents, books or tangible things on July 13, 2007 at 9:00 a.m. at Greenberg Traurig, LLP, 2375 E. Camelback Road, Suite 700, Phoenix, AZ 85016.

Electronically stored information should be produced in native form, and in the event of Microsoft Outlook e-mail files, a pst format on CD-ROM or DVD media.

1.      All documents[2] and electronically stored information in your possession, custody, or control that evidence, reflect, refer or relate to, concern, or discuss any reductions-in-force or layoffs implemented by PatchLink Corporation in 2005.

2.      All documents and electronically stored information in your possession, custody, or control that evidence, reflect, refer or relate to, or summarize any communication between you and Farhad Shirmohammadi a/k/a Frank Shirmo or his agents or attorneys between July 1, 2005 and the present.

3.      All documents and electronically stored information in your possession, custody, or control that evidence, reflect, refer or relate to, concern, discuss, or summarize any communication between you and Mehran Mosbriantanha or his agents or attorneys between July 1, 2005 and the present.

4.      All documents and electronically stored information in your possession, custody, or control which you prepared or relied upon in anticipation of or preparation for your interview by the EEOC on May 25, 2007 or that you relied upon, reviewed, or viewed during your interview by the EEOC on May 25, 2007.

5.      All documents and electronically stored information in your possession, custody, or control that evidence, reflect, refer or relate to, concern, discuss, or summarize any communications from August 2004 to the present between you and each of the following individuals:   1) Corey Smith; 2) Gary Acord; 3) Laura Frederickson; 4) Rory O'Driscoll; 5) Howard Schmidt; 6) Chris Noble; and 7) Jeff Banks.

6.      All documents and electronically stored information in your possession, custody, or control that constitute, evidence, reflect, refer or relate to, concern, discuss, or summarize any communication between you and Kourosh Moshir or his agents and attorneys from July 1, 2005 to the present and that is related to or concerns any of the following topics:   1) reductions-in-force or layoffs implemented by PatchLink Corporation in 2005; 2) conduct or statements by any former or current supervisor, officer, or director of PatchLink Corporation that you believe are discriminatory against individuals' national origin; and 3) Farhad Shirmohammadi a/k/a Frank Shirmo; or 4) Mehran Mosbriantanha.

---

[2]    As used herein, "document" means any written, typed, printed, graphic, or recorded material of any kind, however produced or reproduced, and all mechanical, electrical, digital, and magnetic recordings, including, but not limited to, printed or stored computer files and e-mail, audiotapes, videotapes, or recordings, whether draft or final, original or reproduction, signed or unsigned, and regardless of whether approved, sent, received, redrafted, or executed, and including all non-identical copies of a document, such as copies of a document with handwritten notations on them, as well as any other thing within the definition and use of the term "document" under Rule 34, Federal Rules of Civil Procedure, and any applicable local rules of civil procedure.

7.     All documents and electronically stored information in your possession, custody, or control that constitute electronic mail from PatchLink Corporation's e-mail system.

# EXHIBIT B

## Issued by the
# UNITED STATES DISTRICT COURT

### DISTRICT OF ARIZONA

| | |
|---|---|
| **Mehran Mosbriantanha,** | |
| **V.** | **SUBPOENA IN A CIVIL CASE** |
| **PatchLink Corporation, a Delaware Corporation** | CASE NUMBER: [1] **Case Pending in United States District Court, District of Maryland No. DKC2007-0211 (Consolidated with NO. DKC2007-0321)** |

**Farhad Shirmohammadi,**
        **V.**

**PatchLink Corporation, a Delaware Corporation**

**ORIGINAL**

TO:    **Kourosh Moshir**
       **20701 N. Scottsdale Rd., Suite #107**
       **Scottsdale, AZ 85255**

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Greenberg Traurig, LLP, c/o John F. Lomax, Jr., Esq., 2375 East Camelback Rd., Suite 700, Phoenix, Arizona 85016 | July 20, 2007, at 8:30 a.m. |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

**SEE EXHIBIT A.**

| PLACE | DATE AND TIME |
|---|---|
| Greenberg Traurig, LLP, c/o John F. Lomax, Jr., Esq., 2375 East Camelback Rd., Suite 700, Phoenix, Arizona 85016 | July 13, 2007, at 9:00 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person signated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

[1]  If action is pending in district other than district of issuance, state district under case number.

ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)

*~~[signature: John Thomas J.]~~*   Attorney for Defendants   | June 28, 2007

John F. Lomax, Jr., Esq., Greenberg Traurig, LLP, 2375 E. Camelback Rd., Suite 700, Phoenix, Arizona 85016
602-445-8000

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

AO 88 (Rev. 1/94) Subpoena in a Civil Case

---

## PROOF OF SERVICE

| DATE June 29, 2007 | PLACE 8600 E. Anderson, Scottsdale, AZ. |

SERVED

SERVED ON (PRINT NAME) Kourosh (Kevin) Moshir, In Person   MANNER OF SERVICE

SERVED BY (PRINT NAME) Ian R. Tefft, Court Officer, Badge #5196   TITLE

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on June 30, 2007
DATE

SIGNATURE OF SERVER *[signature: Ian R. Tefft]*

ADDRESS OF SERVER 15424 N. 54th Place

Scottsdale, AZ 85254

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice, to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall ~~quash~~ or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that,

subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# EXHIBIT A

## ATTACHMENT TO SUBPOENA

This subpoena is being issued at the request of John F. Lomax, Jr., Esq. (Arizona SBN 020224), Greenberg Traurig, LLP, 2375 E. Camelback Road, Suite 700, Phoenix, AZ 85016, 602-445-8000, attorney for Defendant PatchLink Corporation.

You are commanded to produce the following papers, electronically stored information, documents, books or tangible things on July 13, 2007 at 9:00 a.m. at Greenberg Traurig, LLP, 2375 E. Camelback Road, Suite 700, Phoenix, AZ 85016.

Electronically stored information should be produced in native form, and in the event of Microsoft Outlook e-mail files, a pst format on CD-ROM or DVD media.

"You" as used in this Subpoena includes any person, agent, or attorney communicating on behalf of Kourosh Moshir.

1.      All documents[2] and electronically stored information in your possession, custody, or control that evidence, reflect, refer or relate to, concern, or discuss any reductions-in-force or layoffs implemented by PatchLink Corporation in 2005.

2.      All documents and electronically stored information in your possession, custody, or control that evidence, reflect, refer or relate to, or summarize any communication between you and Farhad Shirmohammadi a/k/a Frank Shirmo or his agents or attorneys between July 1, 2005 and the present.

3.      All documents and electronically stored information in your possession, custody, or control that evidence, reflect, refer or relate to, concern, discuss, or summarize any communication between you and Mehran Mosbriantanha or his agents or attorneys between July 1, 2005 and the present.

4.      All documents and electronically stored information in your possession, custody, or control that evidence, reflect, refer or relate to, concern, discuss, or summarize any communications from August 2004 to the present between you and each of the following individuals:    1) Corey Smith; 2) Gary Acord; 3) Laura Frederickson; 4) Rory O'Driscoll; 5) Howard Schmidt; 6) Chris Noble; and 7) Jeff Banks.

5.      All documents and electronically stored information in your possession, custody, or control that constitute, evidence, reflect, refer or relate to, concern, discuss, or summarize any communication between you and Sean Moshir or his agents and attorneys from July 1, 2005 to the present and that is related to or concerns any of the following topics: 1) reductions-in-force or layoffs implemented by PatchLink Corporation in 2005; 2) conduct or statements by any former or current supervisor, officer, or director of PatchLink Corporation that you believe are discriminatory against individuals' national origin; and 3) Farhad Shirmohammadi a/k/a Frank Shirmo; or 4) Mehran Mosbriantanha.

---

[2]      As used herein, "document" means any written, typed, printed, graphic, or recorded material of any kind, however produced or reproduced, and all mechanical, electrical, digital, and magnetic recordings, including, but not limited to, printed or stored computer files and e-mail, audiotapes, videotapes, or recordings, whether draft or final, original or reproduction, signed or unsigned, and regardless of whether approved, sent, received, redrafted, or executed, and including all non-identical copies of a document, such as copies of a document with handwritten notations on them, as well as any other thing within the definition and use of the term "document" under Rule 34, Federal Rules of Civil Procedure, and any applicable local rules of civil procedure.

6.      All documents and electronically stored information in your possession, custody, or control that constitute electronic mail from PatchLink Corporation's e-mail system.

# EXHIBIT C

## IN THE UNITED STATES DISTRICT COURT
### DISTRICT OF MARYLAND

MEHARAN MOSBRIANTANHA,  *

                           *

Plaintiff,                   *

                           *

v.                          *     Civil Action No. DKC 8:07-CV-00211

                           *

PATCHLINK CORPORATION,   *

A DELAWARE CORPORATION,  *

                           *

                           *

Defendant,

### SECOND AMENDED COMPLAINT

NOW COMES Plaintiff, Mr. Mehran Mosbriantanha (herein referred to as "Mosbriantanha") by way of his attorney, Morris E. Fischer, Esq. and sues PatchLink Corporation.("PatchLink") and for reasons therefore states, that at all times mentioned in this complaint:

1.     Upon information and belief, PatchLink was formed as a Delaware Corporation in 1999 and was originally known as HTSC Acquisition, Inc.

2.     In 2001, the name of this company was changed to PatchLink.com Corporation and, ultimately, to PatchLink Corporation ("PatchLink").

3.     PatchLink's headquarters is in Scottsville, Arizona.

4.     PatchLink has an office in located at 6411 Ivy Lane, Suite 500 Greenbelt, MD 20770, County of Prince George's.

5.     Defendant PatchLink upon information and belief is not registered in the State of Maryland with the State Department of Assessments and Taxation. (See exhibit "1", which reveals the search results for PatchLink and HTSC on S.D.A.T.).

6.      The Defendant is regularly doing business in the State of Maryland.

7.      The Defendant regularly conducts business in Maryland.

8.      The Defendant has a strong presence in Prince George's county.

9.      Plaintiff, Mosbriantanha, was employed as the Defendant's General Manager for operations at the aforementioned Maryland office.

10.     Plaintiff was terminated on September 5, 2005, for reasons completely unrelated to his work performance.

11.     The Board of Directors of PatchLink ("Board") is currently composed of six individuals: (1) an individual representing the Series A investors known as "Banks"; (2)(3) two individuals representing the Series B investors, known as "O'Driscoll" and "Noble"; (4)(5) two individuals representing Common Stock holders known as Sean Moshir and "Williams"; and (6) one individual is an independent director known as "Schmidt".

12.     Each of the said board members other than Moshir acted wrongfully as will be described below.

13.     In the early 2000's, Sean Moshir, began to perceive that certain board members and others at the company did not wish the company to retain persons of national origin from the Middle East, more specifically of Iranian descent.

14.     In 2004, Board members and others began pressuring Sean Moshir to terminate employees from the Middle East, more specifically of Iranian national origin, based solely on their national origin.

15.     Sean Moshir refused to comply with the Board's demand to terminate minority employees based on their national origin.

2

16.     On July 29, 2005, O'Driscoll excluded Plaintiff from a Board of Directors meeting.

17.     Upon information and belief the July 29, 2005 meeting was held without the presence of corporate counsel.

18.     The board at the meeting voted to replace Sean Moshir with Smith, effective immediately.

19.     At the time of Sean Moshir's dismissal, PatchLink had just completed its highest revenue booking first month of a quarter since its inception.

20.     Sean Moshir was terminated by the Board prior to the expiration of his renewed employment agreement.

21.     The new President and later CEO, Smith, wanted a reduction in the work force ("RIF") immediately.

22.     In a resolution dated July 31, 2005, the Board agreed that Moshir had to approve of any RIF during the 45 days he remained as CEO.

23.     A list of employees subject to a RIF was prepared and Smith constantly modified it on virtually a daily basis.

24.     On or about September 5, 2005, the RIF was implemented.

25.     The RIF was implemented without Sean Moshir's approval.

26.     Sean Moshir's approval was for the required.

27.     Sean Moshir disapproved of the list because it discriminated against all Middle Eastern, including employees of Iranian origin.

3

28.    Over Moshir's objection, Smith terminated almost all Middle Eastern descended employees, including employees of Iranian origin of PatchLink.

29.    Plaintiff was an employee of Middle Eastern and Iranian descent who was eliminated in this RIF.

30.    On September 5, 2006, Plaintiff was told by Sandi Ioconi, the Greenbelt Human Resources office that he was terminated due to company restructuring.

31.    On or about October 14, 2005, Plaintiff filed a complaint with the EEOC regarding his termination.

32.    Plaintiff received his Right to Sue letter on June 30, 2006.

33.    Plaintiff has timely filed with the Prince George's Circuit Court within 90 days of receipt of his Right to Sue letter (exhibit "2").

34.    Gary Acord, C.F.O. executed the company policy against Plaintiff.

35.    Gary Acord, was an agent of the company, and acted at the company's directive and initiative in discharging him due to discrimination and bad faith.

36.    Corey Smith, the company C.E.O. and President, executed the company policy against Plaintiff.

37.    Corey Smith, was an agent of the company, and acted at the company's directive and initiative in discharging him due to discrimination and bad faith.

38.    Sean Moshir overheard Gary Acord state that he was going to get rid of "these Sand Niggers."

39.    Rory O'Driscoll expressed to Chris Noble in a May 4, 4005 email that he objected to the selection process for engineering because the "process guy is another Iranian."

4

40.     There were other discriminatory comments made by management, the aforementioned investors and board of directors including but not limited to a comment by Corey Smith, stating, "We have hired too many Iranians in the company and we need to let some of them go."

41.     Rory O'Driscoll regularly conducted business in the State of Maryland.

42.     Rory O'Driscoll had a strong presence in Prince George's County, Maryland.

## Count I
### Discrimination in Termination based on the Prince George's County Anti-Discrimination Statutes

Plaintiff adopts and incorporates by reference all of the allegations set forth in the previous paragraphs as if the same were fully set forth herein.

43.     Plaintiff is and at all times relevant hereto was an Iranian American whose nation of origin is Iran.

44.     Defendant's actions dismissing Plaintiff were based on his national origin.

45.     Article 49B, Section 42 of the Maryland Code empowers Prince George's County to enact Anti-Discrimination Statutes for its county.

46.     Section 2-222 of the Prince George's County Code prohibits an employer in the county from discharging a person because of discrimination.

47.     Section 2-186 of the Prince George's County Code includes in its definition of discrimination, national origin.

48.     Consequently, Defendants have violated the aforesaid provisions of the Prince George's County Code.

49.    The aforesaid discriminatory treatment by Defendants toward Plaintiff caused tangible harm to Plaintiff in that they affected the terms, conditions and privileges of his employment.

50.    Other similarly situated employees not of Plaintiff's national origin were not subject to the same conditions of employment as Plaintiff.

51.    In addition to the above, Plaintiff also suffered anguish, anxiety, fear, helplessness, shock, humiliation, insult, embarrassment, loss of self-esteem, and other damages.

WHEREFORE, Plaintiff prays that he be awarded the following relief: (a) a declaratory judgment that the conduct engaged in by Defendants, jointly and severally, was a violation of Plaintiff's legal rights; (b) an injunction enjoining Defendants from engaging in such conduct in the future; (c) an order directing Defendants, jointly and severally, to pay an award of back pay and fringe benefits and/or front salary and benefits to the Plaintiff; (d) an order directing the Defendants, jointly and severally, to pay an award of statutory compensatory damages (pecuniary and non-pecuniary) up to the maximum amount permitted by statute; (e) an order Directing Defendants, jointly and severally, to pay reasonable attorneys' fees and costs of this litigation; and (f) such other relief as the Court may deem just and appropriate.

## Count II
### Discrimination Based on National Origin In Violation of Title VII

Plaintiff adopts and incorporates by reference all of the allegations set forth in the previous paragraphs as if the same were fully set forth herein.

52.     Plaintiff is and at all times relevant hereto was an Iranian American whose nation of origin is Iran.

53.     Defendant's actions dismissing Plaintiff were based on his national origin.

54.     The aforesaid discriminatory treatment by Defendant toward Plaintiff caused tangible harm to Plaintiff in that they affected the terms, conditions and privileges of his employment.

55.     Other similarly situated employees not of Plaintiff's national origin were not subject to the same conditions of employment as Plaintiff.

56.     A causal connection exists between Defendant's actions in terminating the Plaintiff and his national origin.

57.     Defendant's aforementioned conduct and statements reflect directly on a discriminatory attitude toward Plaintiff.

58.     Defendant's aforementioned conduct and statements reflect directly on the contested employment decision.

59.     Defendant's actions constituted a violation of Title VII of the Civil Rights Act of 1964, and 42 U.S.C. § 2000(e) *et seq.*

60.     In addition to the above, Plaintiff also suffered anguish, anxiety, fear, helplessness, shock, humiliation, insult, embarrassment, loss of self-esteem, and other damages.


WHEREFORE, Plaintiff prays that he be awarded the following relief: (a) a declaratory judgment that the conduct engaged in by Defendants, jointly and severally, was a violation of Plaintiff's legal rights; (b) an injunction enjoining Defendants from

7

engaging in such conduct in the future; (c) an order directing Defendants, jointly and severally, to pay an award of back pay and fringe benefits and/or front salary and benefits to the Plaintiff; (d) an order directing the Defendants, jointly and severally, to pay an award of statutory compensatory damages (pecuniary and non-pecuniary) up to the maximum amount permitted by statute; (e) an order Directing Defendants, jointly and severally, to pay reasonable attorneys' fees and costs of this litigation; and (f) punitive damages in the amount of $5,000,000.00 and (g) such other relief as the Court may deem just and appropriate.

## Count III
## Breach of Good Faith and Fair Dealing

Plaintiff adopts and incorporates by reference all of the allegations set forth in the previous paragraphs as if the same were fully set forth herein.

61.    Plaintiff had an incentive stock option award agreement dated October 15, 2004 (exhibit "3").

62.    In accordance with that agreement, Plaintiff was to have certain stock rights vest on October 15, 2005.

63.    That but for the unlawful discrimination and other bad faith demonstrated by the company, Plaintiff would not have been terminated when he was and would have earned those benefits.

64.    The value of those benefits was approximately $150,000.00.

65.    That Defendants breached their duty of good faith and fair dealing with the Plaintiff.

66.    That Defendant breached its contract with Plaintiff to pay the aforesaid

8

stock options.

WHEREFORE, Plaintiff prays that he be awarded $150,000.00 Dollars for a cause of action in breach of contract, breach of good faith and fair dealing.

## Count IV
### Violation of 42 USC § 1981.

Plaintiff adopts and incorporates by reference each and every allegation set forth in the previous paragraphs as if the same were set forth in full in this Count.

67.    That the termination was an adverse and tangible employment action taken against Plaintiff, Mosbriantanha.

68.    That the adverse and tangible employment action taken against Plaintiff was taken against him because of his race and color.

69.    That these aforementioned actions were made with the authority, direction, and/or approval of the employer.

70.    That these aforementioned actions were made with the authority, direction and/or approval of Rory O'Driscoll.

71.    Defendant's actions in terminating Plaintiff because of his race and color, constitutes discrimination in violation of 42 USC § 1981.

72.    Defendant's aforementioned actions caused damages to Plaintiff.

WHEREFORE, Plaintiff prays that he be awarded the following relief: (a) a declaratory judgment that the conduct engaged in by Defendant, jointly and severally,

9

was a violation of Plaintiff's legal rights; (b) an injunction enjoining Defendant from engaging in such conduct in the future; (c) an order directing Defendant jointly and severally, to pay an award of back pay and fringe benefits and/or front salary and benefits to the Plaintiff; (d) An order directing the Defendant jointly and severally, to pay an award of statutory compensatory damages (pecuniary and non-pecuniary) up to the maximum amount permitted by statute; (e) an order Directing Defendant jointly and severally, to pay reasonable attorneys' fees and costs of this litigation; (f) punitive damages in the amount of $5,000,000.00 and (g) such other relief as the Court may deem just and appropriate.

WHEREFORE, in the first two causes of action and the fourth cause of action, Plaintiff prays that he be awarded the following relief: (a) a declaratory judgment that the conduct engaged in by Defendants, jointly and severally, was a violation of Plaintiff's legal rights; (b) an injunction enjoining Defendants from engaging in such conduct in the future; (c) an order directing Defendants, jointly and severally, to pay an award of back pay and fringe benefits and/or front salary and benefits to the Plaintiff; (d) an order directing the Defendants, jointly and severally, to pay an award of statutory compensatory damages (pecuniary and non-pecuniary) up to the maximum amount permitted by statute; (e) an order Directing Defendants, jointly and severally, to pay reasonable attorneys' fees and costs of this litigation; (f) punitive damages in the amount of $5,000,000.00 and (g) such other relief as the Court may deem just and appropriate; TWENTY THOUSAND ($20,000.00) DOLLARS in the Third Cause of Action and ONE HUNDRED FIFTY THOUSAND ($150,000.00) DOLLARS in the Fourth Cause of Action.

_____/s/_____
Morris E. Fischer, Esq.
MD Bar No. 26286
Air Rights Center
4550 Montgomery Avenue
Suite 601N
Bethesda, MD 20814
(301) 469-3498 phone
(301) 469-3499 fax

**Jury Demand**

Plaintiff herein demands a jury trial on all issues.

_____/s/_____
Morris E. Fischer, Esq.
MD Bar No. 26286
Air Rights Center
4550 Montgomery Avenue
Suite 601N
Bethesda, MD 20814
(301) 469-3498 phone
(301) 469-3499 fax